
FILED
2006 Jun-29 PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| LAMIKO T. WOODS, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] CV-05-CO-00024-W |
| | ] |
| BRUNO'S SUPERMARKET, INC., | ] |
| et al., | ] |
| | ] |
| Defendants. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration a motion for summary judgment filed by defendants Bruno's Supermarket, Inc. ("Bruno's"), and Smithfield Packing Company ("Smithfield"). (Doc. 16.) Plaintiff Lamiko T. Woods sued Defendants for breach of warranty, negligence, failure to warn, violation of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), and loss of consortium. Defendants have moved for summary judgment on all of Plaintiff's claims. The issues raised in Defendant's motion for summary judgment have been briefed by both parties and are

now ripe for decision.  Upon due consideration, Defendants' motion for summary judgment will be granted with regard to Plaintiff's loss of consortium claim, but denied in all other respects.

II.   Facts.[1]

On September 3, 2003, Plaintiff's husband[2] purchased country style pork strips (or boneless pork ribs) from the Bruno's Supermarket Store Number 234 in Tuscaloosa, Alabama.  These pork strips were cut at the Bruno's store from pork shoulder butts.  Smithfield Packing Company shipped Vacuum Packed Gold Label Neck Off Pork Shoulder Butts to Bruno's Supermarket Store Number 234 in July 2003.

After purchasing the pork strips, Plaintiff and her husband stored the meat in their home freezer in a locked area until November 3, 2003, when

---

[1] The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record.  All reasonable doubts about the facts have been resolved in favor of the nonmoving party.  *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002).  These are the "facts" for summary judgment purposes only.  They may not be the actual facts.  *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

[2] Plaintiff's husband, Anthony E. Woods, initially filed suit with his wife, but he voluntarily moved to dismiss his claims and was terminated from this cause on April 24, 2006.

it was thawed and prepared for dinner. The locked area was kept locked, and no one aside from Plaintiff and her husband had access to the area while the pork strips were stored in the freezer. Plaintiff prepared the meat by sprinkling it with seasoning, but at no time did the Plaintiff or her husband inject the meat. When Plaintiff bit into a portion of the cooked meat, she felt a stick in the roof of her mouth and discovered a metal, needle-like object. She filed this action against Defendants on January 5, 2005.

III.   Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting

evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.  Analysis.

   A.  Identification of Smithfield as the Purveyor of the Meat Product.

Defendant Smithfield has moved for summary judgment on the grounds that Plaintiff has not produced any evidence to establish that Smithfield was the purveyor of the meat product at issue in this case. (Doc. 23 at 20.) Smithfield does not dispute that it sent pork shoulder butts to Bruno's warehouse in Birmingham, Alabama, on three occasions during the month of July 2003. (*Id*. at 21.) However, Smithfield argues that the "shelf life of fresh meat products is twenty-two days"; therefore, the shelf life of the last shipment made by Smithfield in July 2003 would have been on August 2, 2003—about one month prior to the date Plaintiff's husband purchased the pork strips at issue. (*Id*.) Further, Smithfield cites to the deposition of Bruno's Meat Department Manager, who testified that it is Bruno's policy to remove meat product from its display case after four days. (Doc. 28 at 12.) Based on this testimony, Smithfield contends that "it *may be* easily concluded that any meat products from Smithfield's shipments of Boston butts to Bruno's Birmingham warehouse [in July 2003] would have long expired." (*Id*. at 12 (emphasis added).) This Court cannot grant summary

judgment merely because a jury "may" conclude in favor of a defendant on this issue.

Further, Smithfield's twenty-two day calculation is dependent on its assertion that the pork shoulders were never frozen before or after shipment to Bruno's. (*Id.*; Etzler Dep. at 103-04.)[3] Yet, in its sworn answers to interrogatories, Smithfield stated that it "cryogenically freezes its Boston butts and vacuum-seals the packages before shipping to grocery stores such as Bruno's. The Boston butts are then removed from the cryo-packaging, cut into pork ribs and repackaged by the grocery store before it is sold to the ultimate consumer." (Doc. 26 at Ex. 5, p. 6.) The same individual who testified that never-frozen pork has a twenty-two day shelf life also testified that freezing extends the meat's shelf life. (Etzler Dep. at 104.) Further, in its Answer to Plaintiff's Complaint, Smithfield admitted that it impliedly warranted the fitness and merchantability of the pork ribs at issue and owed a duty to the plaintiff to ensure that the pork ribs it sold to her and her

---

[3]The twenty-two day calculation is also made by an individual for whom Defendants have not submitted any evidence of his connection to this case or how he has knowledge regarding the production process and/or shelf life of pork meat.

husband were fit for consumption. (Doc. 4 ¶¶ 22, 26.)[4] A reasonable jury, therefore, could conclude based on Smithfield's admissions, answers to interrogatories, and the evidence in the record, that Smithfield was, in fact, the purveyor of the meat product in question. This issue is one for the jury and cannot, given the circumstances of this case, be resolved at summary judgment.

B.   AEMLD, Breach of Warranty, and Negligence Claims.

Upon full consideration of the legal arguments and evidence presented by the parties, it is the opinion of this Court that Defendants have not established that they are entitled to summary judgment with regard to

---

[4]On January 30, 2006, the same day it filed its reply memorandum in support of summary judgment, Smithfield moved to amend its Answer to Plaintiff's Complaint in an attempt to change these admissions. (Doc. 27.) In its motion, Smithfield acknowledges that the Court's cut-off for amending the pleadings was August 29, 2005, but alleges that it did not learn until December 1, 2005, that Bruno's meat department manager "could not state with any degree of certainty that the subject meat came from Smithfield." (*Id*. ¶ 4.) In other words, Smithfield claims that it did not know it could deny Plaintiff's allegations until December 1, 2005.

Smithfield was free to state in its original Answer that it did not have sufficient information to admit or deny Plaintiff's allegations; in fact, Smithfield used this response numerous times in other portions of its Answer. Instead, Smithfield plainly admitted, without any qualification, the allegations of paragraphs 22 and 24 of Plaintiff's Complaint. (Doc. 4.) Further, Smithfield waited until January 30, 2006—two months after it allegedly discovered that its Answer was incorrect—to file a motion to amend. Smithfield's motion to amend will be denied.

Plaintiff's AEMLD, breach of implied warranty, or negligence claims.[5] Therefore, summary judgment will be denied.

C. Failure to Warn Claim.

Defendants do not present any legal argument or evidence in support of summary judgment on Plaintiff's negligent failure to warn claim. Therefore, summary judgment also will be denied with respect to this claim.

D. Loss of Consortium Claim.

Defendants have moved for summary judgment on Plaintiff's loss of consortium claim. They argue that there is no evidence that her spouse suffered physical injuries as a result of Defendants' alleged wrongful actions, and, as a matter of Alabama law, a consortium claim must be based upon physical injury to the plaintiff's spouse. (Doc. 23 at 36.) The Court agrees with the defendants that Plaintiff cannot establish a cause of action

---

[5]Despite Defendants' contention that Plaintiff's negligence claims are merged into her AEMLD claim as a matter of Alabama law, the Alabama Supreme Court has held that the AEMLD does not abrogate preexisting remedies at common law, such as negligence or wantonness, for damage or injuries caused by allegedly defective products. *Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101 (Ala. 2003).
   Also, the Court notes that Plaintiff states in her response in opposition to summary judgment that she has alleged a claim for *res ipsa loquitur*. *Res ipsa loquitur* is an evidentiary method of proving the tort of negligence and is not, itself, a separate tort. The Court will consider the propriety of instructing the jury on *res ipsa loquitur* at the time of trial.

for loss of consortium.  Moreover, Plaintiff did not submit legal argument or evidence in opposition to Defendants' arguments on this claim.  "[G]rounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).  Therefore, Plaintiff's loss of consortium claim is due to be dismissed.

V.   Conclusion.

For the reasons set forth above, Defendants' motion for summary judgment will be granted with regard to Plaintiff's loss of consortium claim, but denied in all other respects.  A separate order in conformity with this opinion will be entered.

Done this 29th day of June 2006.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153